✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__RANDY CECIL PHILLIPS__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:09 cr 11-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ *.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841(a)(1)__.
  - ☐ under 18 U.S.C. § 924(c).
- (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  X  a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*  *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09 cr11-1**

UNITED STATES OF AMERICA,

Vs.                                                                                                **ADDENDUM TO
DETENTION ORDER**

RANDY CECIL PHILLIPS.

_____

**I. FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.  FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a narcotic drug, that being cocaine base, commonly known as crack cocaine. The offense further involved firearms in that the defendant, at the same time he possessed cocaine, to have in his possession a semi-automatic hand gun and a .38 caliber revolver at a time when he was a convicted felon. Such an offense is considered a crime of violence in this district.

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause. No evidence has been presented as to this issue other than the bill of indictment.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family times, he has had employment although he is presently unemployed, and he has a long length of residence in the Burke/Catawba County community. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Two counts of felony possession with intent to sell and deliver cocaine | 05/21/87 |
| Driving while impaired | 10/07/88 |
| Felony possession with intent to sell and deliver cocaine | 04/18/88 |
| Trafficking in cocaine | 04/18/89 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Failure to comply with license restrictions | 06/22/98 |
| Misdemeanor financial card fraud | 03/13/07 |
| Felony attempt to breaking and enter a building | 02/26/08 |
| Felony break and enter a motor vehicle | 08/19/08 |
| Felony break and enter a motor vehicle | 08/19/08 |

The defendant's record concerning appearance at court appearances shows that the defendant has regularly failed to appear in regard to charges of no operator's license on December 28, 2007, expired operator's license July 25, 2007, driving while license revoked and fictitious driver's license June 11, 2008, failure to stop for a red light June 10, 2008.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. At the time of the defendant's arrest he was serving a period of supervised probation concerning a conviction for felony attempt to break and enter a building and two separate counts of felony breaking and entering a motor vehicle. There was pending against the defendant charges of felony breaking or entering a motor vehicle for which he had been placed on bond. As a result, this factor does exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The charges against the defendant create a presumption that the release of the defendant would create a risk or harm or danger to any other person or the community. This presumption is subject to rebuttable by the defendant. The undersigned finds that based upon the criminal record of the defendant, the presumption has not rebutted, indeed, the presumption indicates that the defendant would continue to commit criminal acts even though he is serving a term of supervised probation.

The undersigned further finds that the release of the defendant would create a risk of flight on his part. The defendant has regularly failed to appear on charges much less serious than those which are presently pending against the defendant.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: March 6, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge